**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| PATRICK JONES, | |
|     PLAINTIFF, | |
| | |
| v. | Case No. 4:16-cv-201 |
| | |
| SECURE ASSET RECOVERY, INC. and | |
| RECOVERA, INC. and | |
| ALAN ALVAREZ, individually, | |
|     DEFENDANTS | |
| | |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as "FDCPA"), the Texas Finance Code § 392.001, *et seq* (hereinafter referred to as "TFC") and the Florida Consumer Collection Practices Act ("FCCPA") §§559.55 to 559.785 by Secure Asset Recovery, Inc. (d/b/a SAR &Associates) ("SAR") and Recovera, Inc. ("Recovera").

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Southwest transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this Judicial District.

1

6.  Defendants are subject to the laws of the state of Florida because they are located in Florida.

## PARTIES

7.  Plaintiff, Patrick Jones ("Plaintiff"), is an adult individual residing in Denton County, Texas.

8.  SAR is a Florida corporation with its principal place of business at 2500 NW 79th Ave., Suite 190, Doral, FL 33122 according to the Florida Secretary of State.

9.  SAR can be served via its registered agent, Registered Agents, Inc., at 3030 N. Rocky Point Dr., Suite 150a, Tampa, Florida, 33607.

10. SAR listed its current mailing address as 8201 Peters Rd., Suite 1000, Plantation, FL 33324 in its 2016 Annual Report filed with the Florida Secretary of State on January 20, 2016.

11. SAR listed Alan Avarez as its President in its 2016 Annual Report filed with the Florida Secretary of State on January 20, 2016.

12. In its original filing with the Florida Secretary of State on March 4, 2015, SAR listed Damien Alvarez as its registered agent at 2500 NW 79th Ave., Suite 190, Doral, FL 33122.

13. Recovera, Inc. is a Florida corporation with its principal place of business at 8201 Peters Rd., Suite 1000, Fort Lauderdale, FL  33324, according to Recovera's Articles of Incorporation filed with the Florida Secretary of State on August 20, 2015.

14. Recovera listed Alan Alvarez as the President in the August 20, 2015, filing with the Florida Secretary of State.

15. In its application for a collection agency license submitted to the Florida Office of Financial Regulation in September 2015, Recovera listed "SAR & Associates" as its "DBA name."

16. Recovera can be served via its registered agent, Alan Alvarez, at 8201 Peters Rd., Suite 1000, Fort Lauderdale, FL  33324.

17. Alan Alvarez ("Alvarez") is a natural person, residing at 12990 SW 57nd St, Southwest Ranches, FL 33330.

18. Alvarez is the owner of defendant Recovera and SAR.

19. Alvarez can be served wherever he may be found.

20. SAR is not bonded as a debt collector in the state of Texas as required by Chapter 392 of the Texas Finance Code.

21. Recovera is not bonded as a debt collector in the state of Texas as required by Chapter 392 of the Texas Finance Code.

## FACTUAL ALLEGATIONS

22. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account").  Plaintiff knows that it was a personal or family or household debt because he has never incurred any debts for business or commercial purposes.

23. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

24. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

25. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

26. After the Account allegedly went into default, the Account was purchased by Recovera for the purpose of collecting on the Account.

27. The principal purpose of Recovera is the purchase and collection of debts using the mails and telephone and other means.

28. Recovera is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7) and Fla. Stat. § 559.55(6).

29. The principal purpose of Recovera is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

30. Recovera regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

31. Recovera placed the account with SAR to do the collection work on the Account.

32. The principal purpose of SAR is the collection of debts using the mails and telephone and other means as illustrated by its website www.secureassetrecovery.com.

33. SAR is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7) and FCCPA § 559.55(6).

34. Alvarez actively manages Recovera and SAR and directs the policies of those companies.

35. Alvarez regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

36. Alvarez uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

37. Avarez is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7) and FCCPA § 559.55(6).

38. Alvarez directly or indirectly participated in the collection efforts against Plaintiff by SAR and Recovera.

39. Plaintiff disputes the amount SAR and Recovera attempted to collect on the account.

40. Plaintiff requests that SAR and Recovera cease all further communication on the Account.

41. During the one year prior to the filing of this Complaint, SAR and/or Recovera (using the registered "d/b/a name" of "SAR") left a message on plaintiff's telephone in which it stated:

> This is a call from the civil procedures division of SAR & Associates. It's very important that I speak to you in order to stop this from moving forward. Please give us a call back at 855-802-3239. Again that number is 855-802-3239. We are here in the office Monday through Friday from 9 to 5 p.m. eastern standard time. Anyone that you speak to can help you. This is a time sensitive matter. Please call us.

42. The representations by SAR and/or Recovera regarding "civil procedures division" and "very important that I speak to you" and "to stop this from moving forward" and "this is a time sensitive matter" were made to give Plaintiff the false sense that the

Account had escalated or soon would escalate beyond just an attempt to collect on a debt.

43. Upon information and belief, there is no "civil procedures division" of "SAR & Associates."

44. The representations by SAR and/or Recovera described above were made for the purpose of making Plaintiff believe that SAR and/or Recovera would sue Plaintiff on the Account.

45. Plaintiff believed that this was a threat that Plantiff would soon be sued on the Account.

46. The reason SAR and/or Recovera wanted Plaintiff to feel this way was to cause Plaintiff to pay SAR and/or Recovera on the Account.

47. The implication that the Account was escalating and soon to become a lawsuit was false and deceptive as SAR and/or Recovera had no intention of suing Plaintiff on the Account at the time the implications were made.

48. Neither SAR nor Recovera have sued Plaintiff on the Account in the time since the implications were made.

49. The purpose for the voicemail described above was to attempt to collect the Account.

50. The voicemails conveyed information regarding the Account directly or indirectly to Plaintiff.

51. The call and voicemails constituted "communication[s]" as defined by FDCPA § 1692a(2).

52. The only reason that SAR and/or Recovera had conversations and/or left messages with Plaintiff was to attempt to collect the Account.

53. The statements and actions of SAR and/or Recovera constitutes illegal communication in connection with debt collection.

54. All of the conduct by Defendants and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully and purposefully.

55. Recovera colluded with SAR to treat the Plaintiff in the manner described above in order that both entities would profit from the conduct.

56. Recovera and SAR and Alvarez had actual knowledge that the other defendants repeatedly or continuously engaged in acts or practices prohibited by Chapter 392 of the Texas Finance Code.

57. During all times pertinent hereto, Alvarez (a) created the collection policies and procedures used by Recovera and SAR, and their respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of Recovera and SAR, (c) oversaw the application of the collection policies and procedures used Recovera and SAR and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by Recovera and SAR and their employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by Recovera and SAR and their employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by

Recovera and SAR and their employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

58. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages from all defendants pursuant to FDCPA 15 U.S.C. § 1692k(a), Tex. Fin. Code §392.403 and FCCPA § 559.77(2).

## RESPONDEAT SUPERIOR

59. The representative(s) and/or collector(s) at SAR were employee(s) and/or agent(s) of SAR at all times mentioned herein.

60. The representative(s) and/or collector(s) at SAR were acting within the course and/or scope of their employment at all times mentioned herein.

61. The representative(s) and/or collector(s) at SAR were under the direct supervision and/or control of SAR at all times mentioned herein.

62. The actions of the representative(s) and/or collector(s) at SAR are imputed to their employer, SAR.

63. SAR acted at all times as an agent of Recovera.

64. The representative(s) and/or collector(s) at Recovera were employee(s) and/or agent(s) of Recovera at all times mentioned herein.

65. The representative(s) and/or collector(s) at Recovera were acting within the course and/or scope of their employment at all times mentioned herein.

66. The representative(s) and/or collector(s) at Recovera were under the direct supervision and/or control of Recovera at all times mentioned herein.

67. The actions of the representative(s) and/or collector(s) at Recovera are imputed to their employer, Recovera.

68. The actions of SAR and Recovera are imputed to Alvarez.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY SECRURE ASSET RECOVERY, INC. AND RECOVERA, INC. AND ALAN ALVAREZ

69. The previous paragraphs are incorporated into this Count as if set forth in full.

70. The act(s) and omission(s) of SAR and Recovera and Alvarez and their representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(6) and § 1692(e)(2)&(3)&(5)&(10)&(11).

71. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY SECRURE ASSET RECOVERY, INC. AND RECOVERA, INC. AND ALAN ALVAREZ

72. The previous paragraphs are incorporated into this Count as if set forth in full.

73. The act(s) and omission(s) of SAR and Recovera and Alvarez and their representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304a(5)&(8)&(14)&(17).

74. SAR and Recovera and Alvarez violated 392.306.

75. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY SECRURE ASSET RECOVERY, INC. AND RECOVERA, INC. AND ALAN ALVAREZ

76. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with

the cause of action pled here, SAR and Recovera and Alvarez are liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   SAR and Recovera and Alvarez intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

77. Plaintiff suffered actual damages as a result of SAR and Recovera and Alvarez intrusion in the way of fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

## COUNT IV:  UNREASONABLE COLLECTION EFFORTS BY SECRURE ASSET RECOVERY, INC. AND RECOVERA, INC. AND ALAN ALVAREZ

78. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, SAR and Recovera and Alvarez are liable to Plaintiff for their unreasonable collection efforts.

79. Plaintiff has a right to be free from unreasonable and wrongful collection and/or repossession efforts.  *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App. – Waco 1962, writ ref'd n.r.e).

80. SAR's and Recovera's and Alvarez's collection efforts were unreasonable and wrongful.

81. SAR's and Recovera's and Alvarez's unreasonable collection efforts proximately caused Plaintiff to suffer injury, including but not necessarily limited to fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

## COUNT V:  VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT BY SECRURE ASSET RECOVERY, INC. AND RECOVERA, INC. AND ALAN ALVAREZ

82. The previous paragraphs are incorporated into this Count as if set forth in full.

83. The act(s) and omission(s) of Defendants SAR and Recovera and Alvarez and its representative(s), employee(s) and/or agent(s) violated Fla. Stat. § 559.72(9)&(10)& (12).

84. Specifically, Defendant's voicemail contained direct or implied threats that one or more of the Defendants would sue Plaintiff on the Account if payment was not made. Defendants did not have the right to do this, thus Defendants violated Fla. Stat. § 559.72(9) by threatening to assert the existence of some legal right when such person knows that the right does not exist.

85. Also, by imitating that SAR had a "civil procedures division" and that the caller was trying to help "stop this from moving forward" Defendants violated Fla. Stat. § 559.72(10) by using a communication that "simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not."

86. Also, by imitating that SAR had a "civil procedures division" and that the caller was trying to help "stop this from moving forward" Defendants violated Fla. Stat. § 559.72(12) by "orally communicating with a debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney."

87. Pursuant to Fla. Stat. § 559.77, Plaintiff seeks actual and statutory damages, reasonable attorney's fees and costs.

## EXEMPLARY DAMAGES

88. Exemplary damages should be awarded against SAR and Recovera and Alvarez because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by Southwest to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that the actions and/or omissions of SAR and Recovera and Alvarez (i) when viewed objectively from the standpoint of SAR and Recovera and Alvarez at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that SAR and Recovera and Alvarez had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of  others).

## JURY TRIAL DEMAND

89. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

90. Judgment in favor of Plaintiff and against SAR and Recovera and Alvarez as follows:

   a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C.§1692k(a)(2);

   b. Statutory damages in the amount of $3,000.00 ($1,000.00 per violation as outlined in Count V above) pursuant to Fla. Stat. § 559.77(2);

   c. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   d. Actual damages pursuant to Fla. Stat. § 559.77(2);

e.   Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

f.   Punitive damages, and Fla. Stat. § 559.77(2);

g.   Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

h.   An injunction permanently enjoining Defendants following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

i.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

j.   Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

k.   Attorneys fees and costs pursuant to Fla. Stat. § 559.77(2);

l.   Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
14524 Cantrell Rd.
Suite 140 – PMB 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
*Attorney for Plaintiff*